IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH BURRELL LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO.: 2:15-cv-747-GMB |
| | ) |
| STATE OF ALABAMA, STATE | ) |
| MILITARY DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joseph Burrell Lee filed this action on October 9, 2015, alleging that he was passed over for an employment promotion because of his race. Doc. 1. Now before the court is a Motion for Summary Judgment filed by Defendant State of Alabama Military Department ("SMD"). Doc. 16. After careful consideration of the parties' submissions, the applicable case law, and the record as a whole, the court finds that SMD's motion (Doc. 16) is due to be GRANTED.

**I.  JURISDICTION AND VENUE**

The court has subject matter jurisdiction over the claims in this action under 28 U.S.C. §§ 1331 and 1343. The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations to support both.

**II.  STANDARD OF REVIEW**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted).

In responding to a properly supported motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249−50 (1986) (internal citations omitted).  "However, disagreement between the parties is not significant unless the disagreement presents a genuine [dispute] of material fact." *Gamble v. Pinnoak Resources, LLC*, 511 F. Supp. 2d 1111, 1122 (N.D. Ala. 2007) (internal quotations omitted).  A factual dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When a district court considers a motion for summary judgment, all evidence and inferences drawn therefrom must be viewed in the light most favorable to the non-moving party. *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999).  "The court must avoid weighing conflicting evidence or making credibility determinations. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are

to be drawn in his favor." *Gamble*, 511 F. Supp. 2d at 1122 (internal quotation marks omitted).  "Where a reasonable fact finder may draw more than one inference from the facts, then the court should refuse to grant summary judgment." *Id.* (internal quotation marks omitted).

When a motion for summary judgment is unopposed, summary judgment is not automatically granted, and the district court must still consider the merits of the motion.[1] *United States v. 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). "The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *Id.*  This includes, at a minimum, those materials submitted in support of the motion. *Id.* at 1101–02; *see also* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]").

### III.  STATEMENT OF FACTS

Lee's core complaint is that he was passed over for a promotion in favor of a co-worker, Jeffery Stubbs.  Lee is a 59-year-old white male. Doc. 18-10.  Lee began his fire service career in 1988 when he was certified as a firefighter after receiving a certificate of

---

[1] The court ordered Lee to respond to SMD's summary judgment motion on or before September 29, 2016. Doc. 19.  Lee, however, did not submit his response until October 14, 2016, and he did so without first seeking leave of court or providing the court with sufficient cause to excuse his untimely filing.  Moreover, even the untimely response that Lee did file was incomplete in that it did not comply with the court's requirements for citations and did not attach the evidentiary materials it cited.  As a result, the court struck Lee's response to SMD's summary judgment motion from the record. Doc. 24.  Thus, for the purpose of this opinion, the court treats SMD's motion for summary judgment as unopposed.

fire science from the Alabama State Fire College. Doc. 18-13 at 3. Lee then served as a firefighter in Andalusia, Alabama until 2000, when he took a job selling fire equipment. Doc. 18-13 at 1. On November 29, 2003, Lee was hired as a Firefighter/Driver Operator at the 187th Fighter Wing Fire Station[2] at Dannelly Field in Montgomery, Alabama, and he currently serves in that position. Docs. 18-1 & 18-10. Lee does not have an associate or bachelor's degree. Doc. 18-13 at 1.

Jeffery Stubbs is a 44-year-old black male. Doc. 18-1. He is a Master Sergeant for the Alabama Air National Guard with 27 years of military experience. Doc. 18-12. As a National Guardsman, Stubbs is assigned to the 187th Fighter Wing, where he serves as a fire protection specialist. Doc. 18-12. Stubbs has also served as a firefighter at the 187th Fighter Wing Fire Station since 2008. Doc. 18-2. Stubbs has a bachelor's degree in fire science, associate degrees in logistics and social science, and has completed coursework toward a master's degree in organizational leadership. Doc. 18-2.

Because of his dual service as a National Guardsman and a firefighter, Stubbs was appointed to Assistant Chief of Training for the 187th Fighter Wing Fire Station by Jim Brown, the former fire chief, and serves in this capacity in addition to his role as a firefighter. Doc. 18-2. Being both a National Guardsman and a firefighter, Stubbs serves as a liaison between the state and the Air National Guard firefighters' training program. Doc. 18-2. His dual status also affords him special access to computer systems that the civilian firefighters do not enjoy. Doc. 18-12 at 3.

---

[2] The station provides fire protection for the 187th Fighter Wing, a unit of the Alabama Air National Guard. Doc. 22 at 4.

SMD is the entity responsible for the administration of the Alabama Army and Air National Guard. Doc. 18-1 at 1. Most firefighters at the 187th Fighter Wing Fire Station—including Lee—are civilian employees of SMD hired through a merit system administered by the State of Alabama Personnel Department ("Personnel Department"). Doc. 18-1 at 1. A person seeking employment or promotion in a merit system job files an application, takes an examination conducted by the Personnel Department, is placed on a register, and is then placed on a "Certification of Eligibles" ("COE") for a particular position based on his or her performance on the examination. Doc. 18-1 at 1. The COE generally ranks the candidates based on their examination scores.[3] Doc. 18-1 at 1. Agencies then choose candidates from the COE for new employment and promotion. Doc. 18-1 at 1. All candidates on each COE meet the minimum qualifications for the position for which they are considered. Doc. 18-1 at 2. There is no requirement that the candidate with the highest score be chosen, so any candidate on the COE may ultimately be selected. Doc. 18-1 at 2.

Lee was one of ten individuals who applied for a promotion to Firefighter/Crew Leader at the 187th Fighter Wing Fire Station. On July 24, 2014, Lee learned that Stubbs, the only black applicant, was selected for the promotion. Docs. 18-1 & 18-10. This selection was made by Senior Master Sergeant Wiley Porterfield ("Sgt. Porterfield"), a black male, who is the current fire chief at the 187th Fighter Wing Fire Station. Doc. 18-9. Sgt. Porterfield is the sole hiring authority for the firefighters at the 187th Fighter Wing Fire Station. Doc. 18-9. Sgt. Porterfield is a member of the Alabama Air National Guard

---

[3] However, in some instances, candidates for promotion are ranked on the COE according to their work history and education. Doc. 18-1 at 1.

and is serving on active duty under the Active Guard and Reserve Program. Doc. 18-9 at 1. He has 24 years of experience at various levels in the fire service in both the private and public sectors. Doc. 18-9 at 1.

Since becoming fire chief in October of 2012, Sgt. Porterfield has hired three new employees and promoted three others. Doc. 18-1 at 3–4. Five of these employees were white and one (Stubbs) was black. Doc. 18-1 at 3. Prior to Stubbs' promotion, Sgt. Porterfield hired a white applicant, Joshua Watson, when the COE included five white applicants and six black applicants. In his other four employment decisions, Sgt. Porterfield necessarily hired or promoted a white applicant because there were no candidates of any other race on the COE. Docs. 18-1 & 18-3 to -8.

The COE for the promotion at issue consisted of nine white candidates (including Lee) and one black candidate (Stubbs).[4] Doc. 18-1 & 18-7. Stubbs was ranked ninth on the COE, while Lee was tied with another applicant for seventh. Doc. 18-7. On the required examination, Lee scored 89.79, while Stubbs scored 89.77—a difference of two one-hundredths of a point.[5] Doc. 18-7. Sgt. Porterfield testified that he selected Stubbs because he had a "duty to appoint personnel that would provide the best opportunity for mission success" and that it "would be an injustice to promote personnel that do not have the true knowledge, skills, and abilities to do the job."[6] Doc. 18-9 at 2.

---

[4] The race of each candidate is indicated on the COE by a number: 1 for white and 2 for black. Doc. 18-1 at 4. On this particular COE, one candidate is labeled with a 6, but that candidate is white. Docs. 18-1 at 4 & 18-7.
[5] When Sgt. Porterfield hired Watson, a white male who, like Stubbs, did not have the highest test score on the COE, the test scores ranged from 85 to 100. Doc. 18-4. Watson scored a 93.75. Doc. 18-4.
[6] Stubbs has now been promoted to Assistant Chief of the 187th Fighter Wing Fire Station by current chief Adam Sanders. Doc. 18-12 at 1. Sgt. Porterfield has retired. Doc. 18-12 at 1.

After Lee learned that he was not selected for the Firefighter/Crew Leader promotion, he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination on the basis of race and age and retaliation. Doc. 18-10.  Specifically, Lee claimed that he was not promoted because he is white and because he is older than Stubbs, and that he was retaliated against for complaining about prior promotional selections. Doc. 18-10 at 3.  After exhausting his administrative remedies, Lee filed suit in this court, alleging only a claim of racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*[7] *See* Docs. 1 & 7.  Lee amended his complaint on November 6, 2016, and the essence of his suit is that SMD failed to abide by its own "policy, procedures and guidelines for promotion" when promoting Stubbs, "an African American firefighter who was not properly qualified and did not meet the stated rules and procedures for promotion," over Lee, whose "qualifications . . . definitively and unequivocally meet the standards for promotion." Doc. 7 at 1.

### IV.  DISCUSSION

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1).  In cases like this, where the claims are based upon circumstantial

---

[7] While Lee alleged unlawful retaliation and age discrimination claims in his EEOC charge, he has abandoned those causes of action by omitting them from his pleadings in this court. *See* Docs. 1 & 7.

evidence,[8] the court evaluates the claims under the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973), and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981). Under this framework, the plaintiff first has the burden of establishing a *prima facie* case of discrimination, which creates a rebuttable presumption that the employer acted illegally. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004). To meet this burden, Lee must demonstrate: (1) that he belongs to a protected class; (2) that he applied for a promotion for which he was qualified; (3) that he was rejected despite his qualifications; and (4) that an equally or less-qualified employee outside of his protected class was promoted. *Brown v. Ala. Dept. of Transp.*, 597 F.3d 1160, 1174 (11th Cir. 2010) (stating the required elements for a *prima facie* failure-to-promote case under Title VII). "The comparators for the fourth prong must be 'similarly situated in all relevant respects.'" *Id.* (quoting *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997)).

If the plaintiff is successful in establishing a *prima facie* case, the burden "shifts to the employer to rebut by producing evidence that [the employer's] action was taken for some legitimate, non-discriminatory reason." *EEOC v. Joe's Stone Crabs*, *Inc.*, 296 F.3d 1265, 1272 (11th Cir. 2002). If the employer meets its burden, the presumption of discrimination is nullified, and the burden shifts back to the plaintiff to show that the employer's alleged legitimate, nondiscriminatory reason for its employment decision is a

---

[8] Lee presents no direct evidence of discrimination. *See, e.g.*, *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003) ("Direct evidence is evidence, which if believed, proves the fact in issue without inference or presumption.").

8

pretext for discrimination. *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1325–26 (11th Cir. 2011). If a jury could reasonably infer pretext from the evidence presented, "the question becomes whether the evidence, considered in the light most favorable to the plaintiff, yields the reasonable inference that the employer engaged in the alleged discrimination." *Id.* at 1326.

With respect to the instant case, SMD does not dispute that Lee has established a *prima facie* case of discrimination. In his charge of discrimination, Lee alleges that he was passed over for a promotion for which he was qualified on the basis of his race. *See* Doc. 18-14 at 3. He claims that Stubbs, a "less qualified" and less experienced black employee, was chosen instead, and that this decision was due to Sgt. Porterfield's discriminatory hiring scheme. *See* Doc. 18-14 at 3. These contentions satisfy the requirements for a *prima facie* Title VII failure-to-promote case. *See Brown*, 597 F.3d at 1174. Therefore, the court concludes that Lee has met his burden to demonstrate a *prima facie* case of Title VII employment discrimination.

The burden thus shifts to SMD to articulate a legitimate, non-discriminatory reason for selecting Stubbs for the promotion instead of Lee, and the court concludes that it has carried that burden. First, SMD rebutted Lee's allegation that Stubbs "was not qualified and did not meet the stated rules and procedures for promotion" by producing evidence that Stubbs and Lee were both qualified for the promotion pursuant to the State Personnel Department's merit system based on their examination scores and placement on the COE. *See* Doc. 18-1 at 2 ("The hiring authority . . . may pick any one of the ten applicants on the certification of eligibles."); Doc. 18-2 at 9 ("The appointing authority shall select one from

9

those certified to fill the vacancy."). Thus, there is no genuine dispute as to whether SMD did, in fact, follow its own policy, procedures, and guidelines in promoting Stubbs.

Moreover, unlike Lee, Stubbs has obtained a bachelor's degree in fire science, which is directly relevant to his work as a firefighter, and has completed other academic coursework in organizational management and related disciplines. Stubbs also has extensive military experience in fire prevention, and his status as a National Guardsman granted him privileged access to federal government computer systems used by the Alabama Air National Guard that Lee did not have—access that is a prerequisite for firefighters at Air National Guard fire stations. Doc. 18-12 at 2. As a Master Sergeant for the Air National Guard, Stubbs served in the 187th Fighter Wing as a Fire Protection Specialist and Assistant Chief of Training. Doc. 18-12 at 3. As Assistant Chief of Training, Stubbs acted as a "liason" between the State of Alabama and Air National Guard firefighters' training program due to his "dual status as a State employee and a National Guardsman within the department." Doc. 18-12 at 3. Naturally, then, Stubbs' dual status as civilian firefighter and National Guardsman in the same unit gave him a unique advantage over Lee. Indeed, Stubbs' education and employment background coincide with Sgt. Porterfield's stated emphasis on training, education, and professional development. *See* Doc. 18-9 at 3. Thus, SMD has met its "exceedingly light" burden of proffering a legitimate, non-discriminatory reason for Stubbs' promotion over Lee. *Bradley v. Pfizer, Inc.*, 440 F. App'x 805 (11th Cir. 2001).

The burden therefore shifts to Lee to demonstrate that SMD's articulated non-discriminatory reasons for choosing Stubbs are pretextual, and this is a burden that Lee has

failed to meet. "[T]o avoid summary judgment [the plaintiff] must introduce significantly probative evidence showing that the asserted evidence is merely a pretext for discrimination." *Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala.*, 446 F.3d 1160, 1163 (11th Cir. 2006) (internal quotations and citation omitted). To show pretext, the plaintiff must demonstrate both that the employer's stated reason was false and that discrimination was the actual reason for the decision. *Id.* The plaintiff "must meet [the employer's stated] reason head on and rebut it, and . . . cannot succeed simply by quarreling with the wisdom of that reason or by showing that the decision was based on erroneous facts." *Marable v. Marion Military Inst.*, 595 F. App'x 921, 925 (11th Cir. 2014) (internal quotation omitted). He may do this by demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Champ v. Calhoun Cnty. Em. Mgmt. Agency*, 226 F. App'x 908, 913 (11th Cir. 2007) (internal quotation omitted).

Lee has not presented any evidence in response to SMD's summary judgment motion. Moreover, the evidence that is before the court does not demonstrate that SMD's stated reasons for promoting Stubbs are false, inconsistent, or contradictory. If anything, the record shows that Lee simply disagrees with the wisdom of Sgt. Porterfield's decision and subjectively believes that he is more qualified than Stubbs for the position. But "quarreling with the wisdom" of an employer's decision, without producing evidence to rebut the employer's legitimate, non-discriminatory reason for that reason, is not enough

to establish pretext.[9]  Accordingly, SMD is entitled to summary judgment on Lee's claim of race-based discrimination.

## V.  CONCLUSION

For the reasons stated above, it is ORDERED that the State Military Department's Motion for Summary Judgment (Doc. 16) is GRANTED, and Plaintiff Joseph Burrell Lee's claims are DISMISSED WITH PREJUDICE.  A separate judgment will issue.

DONE this 17th day of November, 2016.

/s/ Gray M. Borden<br>UNITED STATES MAGISTRATE JUDGE

---

[9] The court recognizes that, in the Eleventh Circuit, the *McDonnell Douglas* framework is not the only way for a plaintiff to evade summary judgment in an employment discrimination case. *See Smith*, 644 F.3d at 1328.  The plaintiff may also survive summary judgment if he presents "circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent." *Id.*  "A triable issue of fact exists if the record, viewed in a light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Id.* (internal citations and quotations omitted).  On the record before the court, no such mosaic exists in this case.  Viewing the facts in the light most favorable to Lee, the only circumstantial evidence of race discrimination is the fact that Sgt. Porterfield is black and that he chose the only black candidate (Stubbs) for the Firefighter/Crew Leader promotion.  While this is the genesis of Lee's claim, a single point does not a mosaic make.  And even that single decision is counterbalanced by Sgt. Porterfield's hiring of a white applicant (Watson) over a black applicant prior to promoting Stubbs. Doc. 18-4.  In the face of SMD's proffered reason for hiring Stubbs over Lee, the court cannot conclude that there is any evidence in the record from which a reasonable jury could infer intentional race discrimination.